IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MAXIE D. THOMPKINS, JR-EL.,

Plaintiff,

Case No: 25-CV-1633

vs.

ARAMARK FOOD DISTRIBUTION CO.,

Defendant.

---

# DEFENDANT ARAMARK FOOD DISTRIBUTION CO.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

---

Defendant Aramark Food Distribution Co., by its attorneys, Crivello, Nichols & Hall, S.C., respectfully submits this brief in support of their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 due to Plaintiff's failure to exhaust administrative remedies prior to filing his lawsuit.

## PROCEDURAL AND FACTUAL HISTORY

Defendant's procedural and factual history is set forth in their proposed Findings of Material Facts in Support of its Motion for Summary Judgment and are referred to as "Defendant's Proposed Facts" (DPF). The following is a summary of those facts.

Plaintiff was incarcerated at Kenosha County Detention Center ("KCDC") for a period of time including October 2025. (DPF ¶ 1). Starting on or about October 3, 2025, Plaintiff began assisting in the kitchen at KCDC. (DPF ¶ 2). While working in

the kitchen, Plaintiff alleges that Aramark had a "policy or custom" of intentionally serving expired food to inmates at the KCDC. (DPF ¶ 15). While incarcerated at KCDC, Plaintiff filed his complaint on October 24, 2025, alleging Aramark violated his Eighth Amendment rights by allegedly having a policy of intentionally serving inmates expired food. (DPF ¶¶ 14-15). The Court permitted Plaintiff to proceed on a *Monell* claim against Aramark. (DPF ¶ 16).

As of 2025, the KCDC had an established policy and procedure that allowed inmates to file grievances and appeals relating to various issues and incidents at the jail. (DPF ¶ 3). Under the grievance procedure, an inmate must present a written grievance within 7 days of the occurrence. (DPF ¶ 4). The grievance is then reviewed and responded to within 7 days. (DPF ¶ 5).

When an inmate submits a food-related complaint, the complaint is sent directly to an Aramark representative and the Aramark representative responds to the same. (DPF ¶ 6). If the inmate is dissatisfied with Aramark's response, the inmate has the right to appeal the response. (DPF. ¶ 7). The inmate has 72 hours from receiving the response to submit their appeal. (DPF ¶ 7). Jail administration and an appeals board will review and rule on the appeal. (DPF ¶ 9). Any decision made on the appeal is final. (DPF ¶ 10). After the one appeal, an inmate has exhausted their administrative remedies at the KCDC. (DPF ¶ 11). Non-food-related grievances follow the same procedures. (DPF ¶ 12).

Throughout the duration of his stay, and prior to initiating this case at hand, Plaintiff did not file a single grievance or appeal related to food or food services. (DPF ¶ 13).

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

Defendant seeks dismissal of plaintiff's claims pursuant to Federal Rule of Civil Procedure 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is not a disfavored remedy, but rather, "an integral part of the federal rules as a whole which are designed to secure the just, the speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A plaintiff cannot rest on the pleadings, but must demonstrate the existence of sufficient evidence that if believed by a jury, would support a verdict in his or her favor. *Jelinak v. Greer*, 90 F.3d 242, 243-44 (7th Cir. 1996). Absent a showing that a defendant may be liable, the defendant should not be required to undergo the considerable expense of preparing for trial. *Anderson*, 477 U.S. at 256-57.

In ruling on a motion for summary judgment, the District Court's role is to determine whether there is a genuine dispute as to a fact that is material and outcome determinative. *See Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995). It is not enough to raise a "metaphysical doubt" with respect to the existence of a genuine issue of triable fact. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Nor does the mere existence of a factual dispute defeat summary judgment. Rather, the requirement is that there be a *genuine* issue of *material* fact.

*Anderson*, 477 U.S. at 248. "The days are gone, if they ever existed, when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). The Court, when faced with a summary judgment motion, must decide whether the state of the evidence is such that, if the case were tried tomorrow, the plaintiff would have a fair chance of obtaining a verdict. If not, the motion must be granted and the case dismissed. *Palucki v. Sears Roebuck & Co.*, 879 F.2d 1568, 1572-73 (7th Cir. 1989). In this case, plaintiff cannot establish that he exhausted his administrative remedies prior to filing this lawsuit, requiring dismissal of this action.

## II. THIS CASE MUST BE DISMISSED AS PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES.

The Court should dismiss this case for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

Under the Prison Litigation Reform Act ("PLRA"), all inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies. 42 U.S.C. 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of available administrative remedies pursuant the PLRA is a condition precedent to suit in federal court, and an inmate must exhaust those remedies before commencing federal litigation. *See Perez v. Wisconsin Department of Corr.*, 182 F.3d 532, 535 (7th Cir. 1997). In order to exhaust his administrative remedies, an inmate

must file complaints and appeals in the place and, at the time, in the manner that the jail's administrative rules require; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Unless an inmate completes the administrative process by following the rules as established, exhaustion has not occurred. *Id*. at 1023. Exhaustion means using all stages that the agency holds out, and doing so properly. *Id*. at 1024. Consistent with Supreme Court precedent, the Seventh Circuit requires strict compliance with the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion.")

The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93, (2006) (internal quotations and citations omitted). This allows jail administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the jail's solution does not fully satisfy the inmate. *Pozo*, 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *Porter*, 543 U.S. at 525.

The undisputed facts establish that Plaintiff failed to exhaust his available administrative remedies before commencing this lawsuit. The KCDC had an established formal grievance procedure through which inmates could raise complaints regarding food service and other jail conditions. (DPF ¶ 3). Under that procedure, inmates were required to submit a written grievance within seven days of

the complained-of occurrence. (DPF ¶ 4). Food related grievances were forwarded directly to Aramark representatives for review and response. (DPF ¶ 6).

KCDC also had an appeal process should an inmate be dissatisfied with the initial determination. (DPF ¶¶ 7-8). Appeals were reviewed by jail administrators and an appeal board, and completion of that appeal process constituted exhaustion of administrative remedies. (DPF ¶¶ 9-11).

Here, Plaintiff's claim falls squarely within the type of prison-condition claim governed by the PLRA. Plaintiff alleges that Aramark maintained a policy or custom of serving expired food to inmates at the KCDC. (DPF ¶ 14). Because his allegations concern the conditions of confinement and food service provided within the institution, he was required to fully comply with the jail's grievance procedures before filing suit in federal court.

Plaintiff, however, made no attempt to utilize the available administrative process. The record demonstrates that throughout his incarceration and prior to filing this action, Plaintiff did not file a single grievance relating to food, expired food, food service practices, or any other issue involving Aramark. (DPF ¶ 13). Plaintiff likewise did not submit an appeal concerning any food-related matter. (*Id.*). As a result, Plaintiff never initiated, much less completed, any step of the grievance process available to him.

This complete failure to pursue administrative remedies is fatal to Plaintiff's claim. The PLRC requires proper exhaustion, meaning full compliance with all procedural rules established by the correctional institution. Because Plaintiff failed

to file a grievance and failed to pursue the available appeal process before filing this action, he did not properly exhaust his administrative remedies as required by 42 U.S.C. 1997e(a).

Accordingly, because the undisputed evidence demonstrates that administrative remedies were available to Plaintiff and that he failed to utilize or complete them before filing suit, his claims are barred by the PLRA. Summary judgment should therefore be entered in favor of Aramark, and Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies.

CONCLUSION

Based upon the foregoing arguments and authorities, it is respectfully requested that this Court grant Defendant's motion for summary judgment, dismissing this action due to plaintiff's failure to exhaust his administrative remedies.

Dated this 8th day of September, 2026.


By: *s/Maia I. Hentges*

JEFFREY T. NICHOLS
State Bar No: 1001631
MAIA I. HENTGES
State Bar No. 1138038
Attorney for Defendant Aramark Food Distribution Co.
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Ph: (414) 271-7722
Fax: (414) 271-4438
E-mail: jnichols@crivellolaw.com
mhentges@crivellolaw.com